IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01138–PAB–KMT


ROBERT SCOTT BERRY,

      Plaintiff,

v.

CITY OF MONTROSE, COLORADO,
MICHAEL L WATSON, DETECTIVE, MONTROSE POLICE DEPARTMENT, in his official
capacity,
LARRY ABEYTA, DETECTIVE, MONTROSE POLICE DEPARTMENT, in his official
capacity, and
GARY CORAM, an individual,

      Defendants.

---

**ORDER**

---

      This matter is before the court on the Defendant's "Joint Motion to Stay." (Doc. No. 26,

filed Aug. 21, 2013.) For the following reasons, Defendants' Motion is GRANTED.

      In this case, Plaintiff asserts two claims for relief pursuant to 42 U.S.C. § 1983 for

violations of his Fourth and Fourteenth Amendment rights, as well as two state law claims for

civil conspiracy and breach of contract, based on his arrest and prosecution for allegedly

removing surveillance equipment install by Defendants from a hallway adjacent to his business.

(*See generally* Civil Rights Complaint, Doc. No. 2, filed Apr. 30, 2013.) On July 15, 2013,

Defendants City of Montrose, Michael Watson, Lenny[1] Abeyta (the "Montrose Defendants")
filed a Motion to Dismiss arguing, *inter alia,* that they are entitled to qualified immunity from
Plaintiff's individual-capacity § 1983 claims.[2]  (*See* Doc. No. 19.)  Accordingly, in their Motion
to Stay, Defendants seek a stay of discovery pending ruling on whether the Montrose Defendants
are entitled to qualified immunity from Plaintiff's § 1983 claims.

　　　　Immunity provisions, whether qualified, absolute or pursuant to the Eleventh
Amendment, are meant to free officials from the concerns of litigation, including avoidance of
disruptive discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*,
500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*,
958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an
official both from liability and the ordinary burdens of litigation, including far-ranging
discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the
Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the
> formulation of sound and responsible policies, it is counterproductive to require
> the substantial diversion that is attendant to participating in litigation and making
> informed decisions as to how it should proceed.  Litigation, though necessary to
> ensure that officials comply with the law, exacts heavy costs in terms of
> efficiency and expenditure of valuable time and resources that might otherwise be
> directed to the proper execution of the work of the Government.  The costs of

---

[1]Although named as "Larry Abeyta" in Plaintiff's Complaint, it Defendants submit that
Defendant Abeyta's first name is actually Lenny.  (Mot. Stay at 1 n.1.)

[2] In addition, Defendant Coram has filed a Motion to Dismiss arguing that Plaintiff's
claims against him fail to state a claim for relief.  (Doc. No. 17, filed July 1, 2013.)

> diversion are only magnified when Government officials are charged with
> responding to [the burdens of litigation discovery].

*Id.* at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26

does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective
> order in the court where the action is pending . . . .  The court may, for good
> cause, issue an order to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court
> to control the disposition of the causes on its docket with economy of time and
> effort for itself, for counsel, and for litigants.  How this can best be done calls for
> the exercise of judgment, which must weigh competing interests and maintain an
> even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United

States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of

this court's discretion.  *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay

discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright,

Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed.

2010).  Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D.

617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may

dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.

Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.

1999) ("When a particular issue may be dispositive, the court may stay discovery concerning

other issues until the critical issue is resolved"). When considering a stay of discovery, this

court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and

the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the

public interest. *See String Cheese Incident*, 2006 WL 894955, at \*2 (citing *FDIC v. Renda*, No.

85-2216-O, 1987 WL 348635, at \*2 (D. Kan. 1987)).

Plaintiff does not oppose Defendants' Motion to Stay. (*See* Mot. Stay at 2.) Therefore,

any prejudice to Plaintiff's ability to proceed expeditiously with this case does not weigh heavily

in the court's analysis. Moreover, the court finds that any potential prejudice to Plaintiff is

outweighed by the burden the Montrose Defendants would face if forced to proceed with

discovery in spite of well-established precedent supporting a stay when an immunity defense has

been raised. Further, although qualified immunity is a potential defense only as to Plaintiff's

individual-capacity claims under § 1983, *see Rome v. Romero,* 225 F.R.D. 640, 643-644 (D.

Colo. 2004), the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that
> discovery can be deferred while pretrial proceedings continue for other
> defendants. It is quite likely that, when discovery as to the other parties proceeds,
> it would prove necessary for petitioners and their counsel to participate in the
> process to ensure the case does not develop in a misleading or slanted way that
> causes prejudice to their position. Even if petitioners are not yet themselves

> subject to discovery orders, then, they would not be free from the burdens of
> discovery.

*Iqbal,* 556 U.S. at 685.  As such, proceeding with discovery as to claims that are not subject to

the assertion of qualified immunity is not a permissible alternative.

The third *String Cheese* factor also favors a stay.  Although the court has an interest in

managing its docket by seeing cases proceed expeditiously, any inconvenience that might result

from rescheduling the docket is outweighed by the potential waste of judicial and party resources

that would result from allowing discovery to proceed, only to have the case dismissed in its

entirety on the grounds raised in the motions to dismiss.  *See Nankivil*, 216 F.R.D. at 692 (a stay

may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties or the public interest in general prompt the court

to reach a different result.  Accordingly, on balance, the court finds that a stay of discovery is

appropriate in this case.  Therefore, it is

ORDERED that the Defendants' "Joint Motion to Stay" (Doc. No. 26) is GRANTED.

All discovery in this matter is hereby STAYED pending ruling on Defendants' Motions to

Dismiss (Doc. Nos. 17 & 19).  The parties shall file a joint status report within seven days of a

ruling on Defendants' Motions to Dismiss, if any portion of the case remains pending, to advise
if the stay should be lifted.

Dated this 12th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge